**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DUSTIN NELSON                                                                                      PLAINTIFF
ADC #145488

V.                                         NO: 5:13CV00092 SWW/HDY

MICHAEL DAVENPORT *et al.*                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
         Judge  (if such a  hearing is granted)  was not  offered at  the
         hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
         hearing before the District Judge in the form of an offer of

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Dustin Nelson, an inmate at the Varner Super Max Unit of the Arkansas Department

of Correction ("ADC"), filed a *pro se* complaint on March 18, 2013, alleging that he was beaten by

Defendant Michael Davenport, a prison guard, while Defendants Eddie Allen, Jonathan Wood, and

William Williams held him down. The Court held an evidentiary hearing on October 8, 2013, at

which Plaintiff testified, as did inmate Steven Shirley, along with Defendants Michael Davenport,

Eddie Allen, Jonathan Wood, and William Williams. Defendant Curtis Meinzer was not present,

but the undersigned has already recommended the dismissal of Plaintiff's claims against Meinzer.

At the hearing, Plaintiff reiterated that he did not wish to pursue claims against Meinzer.

### I.  Facts

On September 28, 2012, Plaintiff was housed in the Varner Super Max isolation unit when

Davenport was escorting him to an outside area for yard time. As they passed through the door

leading outside, Wood approached. Plaintiff and Wood had been involved in a dispute involving

some photographs and other personal property about a week earlier. When Plaintiff walked closely

enough, he head-butted Wood, knocking Wood to the ground. Davenport then began striking

Plaintiff in an effort to gain control.  In the process, Davenport dislocated his thumb, and was unable to reapply a leg restraint which had come loose in the struggle.  At that point, Allen arrived, secured the leg restraint, and told Davenport twice to stop striking Plaintiff, because he was under control.  However, Davenport continued to strike Plaintiff.  Williams was assisting Wood, and was not involved at that time.  After Plaintiff was controlled, he was escorted back into the isolation unit to the shower by Davenport and Allen, where he was seen by a nurse, and photos were taken.  Although Plaintiff claims Davenport jerked his leg restraints from under him three times, the testimony and video evidence indicates that Plaintiff was not jerked to the ground, but rather refused to walk, which caused him to be carried at times on the way to the shower.

## II.  Analysis

To establish a constitutional violation for the use of excessive force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted.  *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Despite Plaintiff's claims that Wood and Williams held him down during Davenport's actions, the preponderance of evidence indicates that Williams was assisting Wood, who was dazed after Plaintiff's assault.  Plaintiff does not claim that Allen was holding him down during the incident.  Accordingly, neither Wood, Williams, nor Allen, were responsible the use of excessive force.  Plaintiff also faults Wood, Williams, and Allen, for failing to intervene to stop Davenport.  The failure to protect Plaintiff from the assault of a guard could be actionable.  *See Krout v. Goemmer*, 583 F.3d 556, 565 (8th Cir. 2009) (prison guard could be liable under § 1983 if he saw

another correctional officer hit inmate several times but did nothing to stop assault). It is undisputed that Plaintiff and Davenport did not have a history of problems, so there was no reason for any Defendant to take steps to prevent an altercation. It was a complete surprise to all Defendants. As discussed above, Williams was assisting Wood after Plaintiff's assault, and both were not in a position to intervene. Allen did tell Davenport twice to stop striking Plaintiff, which he did after Allen's second order. Given the relatively brief duration of the incident, there was no real opportunity or need for Allen to physically intervene. Accordingly, neither Wood, Williams, nor Allen, should be held liable for any failure to intervene to stop Davenport.

Although Plaintiff's claims against Wood, Williams, and Allen, should be dismissed, the evidence indicates that Davenport's use of force against Plaintiff exceeded that which was necessary to restore discipline. Plaintiff created the situation when he assaulted Wood, and some degree of force was necessary due to Plaintiff's combativeness, which the evidence indicates continued even after he was on the ground. However, the evidence indicates that at some point Plaintiff was controlled, and Davenport was directed by Allen to stop his blows. Despite Allen's order, Davenport continued to strike Plaintiff. As a result, Plaintiff sustained some injury.

Having determined that Davenport's force was excessive, the Court must determine the amount of damages Plaintiff should be awarded to compensate him for his injuries. Plaintiff introduced photographs showing abrasions to his face which Plaintiff asserts were caused by his face hitting the concrete each time Davenport struck him. Even if Davenport's blows resulted in the injuries, some force was appropriate. It is clear that Plaintiff's combativeness, even when he was on the ground, led to some facial injuries. Thus, not all the injuries can be attributed to inappropriate actions by Davenport. Moreover, Plaintiff was seen immediately after the incident for his injuries,

but was not provided any medication other than what he was already prescribed.[1]   There is no

evidence of any lasting injury.  Accordingly, Plaintiff should be awarded $500.00 to compensate him

for his injuries.  Additionally, Plaintiff should be awarded $350.00 to pay for the filing fee of this

lawsuit, for a total award of $850.00 against Davenport in his individual capacity.  The award should

be sufficient to deter any similar conduct in the future, and Davenport's conduct does not call for

punitive damages.[2]   It is clear that Davenport's actions, though improper, were not motivated by an

evil motive or intent, nor did they involve a reckless or callous indifference to Plaintiff's

constitutional rights.  The incident began with Plaintiff's misconduct, and Davenport overreacted

to Plaintiff's assault.  *See Schaub v. VonWald,* 638 F.3d 905*,* 922-923 (8th Cir. 2011)(discussing

punitive damages); *Guerra v. Drake*, 371 F.3d 404, 405 (8th Cir. 2004)(punitive damages not

appropriate in excessive force case with no showing of evil motive or intent, or reckless or callous

indifference to plaintiff's rights).   Plaintiff's claims against the other Defendants should be

dismissed, and his request for injunctive relief in the form of movement to another unit should be

denied, because Plaintiff failed to demonstrate any threat of irreparable injury in the absence of such

a move.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff be awarded $850.00 against Defendant Michael Davenport in his individual

capacity.

---

[1]Plaintiff's previously provided medications included a pain reliever.

[2]The Court also considered the fact that Davenport's superiors placed him on six months of administrative probation as a factor in determining that punitive damages are not needed to deter future similar conduct.

2.      Plaintiff's claims against Defendants Eddie Allen, Jonathan Wood, and William Williams, be DISMISSED WITH PREJUDICE; and his claims against Defendant Curtis Meinzer be DISMISSED WITHOUT PREJUDICE.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __11__ day of October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE